UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JACKEY KNIGHT,

                        Plaintiff,

        - against -

THE CITY OF NEW YORK, ROYCE POBLETE,
MICHAEL SEIGER, BOBBY WILKINS, JEAN
AUJLA, MICHAEL HOEHL, and RAMNAUTH
RAMLOCHAN, employees of the New York City
Police Department,

                      Defendants.

------------------------------------------------------------x

SECOND AMENDED COMPLAINT
13 CV 3134 (GBD) (JP)

**Jury Trial Demanded**

[RECEIVED SEP 16 2013 U.S.D.C. S.D.N.Y. CASHIERS stamp]

       Jackey Knight, by his attorney, the Law Office of Fred Lichtmacher, PC, alleges the following upon information and belief as his First Amended Complaint:

### Nature of the Action

    1.    This civil rights action arises from Defendants' January 16, 2013 assault on Jackey Knight. Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

    2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367 and requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3. Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because Defendant City of New York resides in that judicial District.

Parties

4. Plaintiff Jackey Knight is a lawful, permanent resident of the United States of America residing in the State of New York, County of Queens.

5. Defendant City of New York is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6. Defendants ROYCE POBLETE, MICHAEL SEIGER, BOBBY WILKINS, JEAN AUJLA, MICHAEL HOEHL, and RAMNAUTH RAMLOCHAN, (the "individual Defendants") were at all times relevant, duly appointed and acting employees of the New York City Police Department. The individual Defendants are liable for directly participating in the events underlying this suit

7. At all times relevant, the individual Defendants were acting under color of state law.

8. The individual Defendants involved in the incidents underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by Defendant City of New York.

Notice of Claim

9. On or about February 23, 2013, and within ninety days after the claims arose, plaintiff filed a Notice of Claim upon Defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

10. The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and a post office address of the plaintiff.

11. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which claims arose, and the damage and injuries claimed to have been sustained.

12. The City of New York assigned the matter claim number 2013PI005786.

13. Plaintiff's examination pursuant to General Municipal Law §50-h was held on May 7, 2013.

14. The City of New York has neglected and failed to adjust the claims within the statutory time period.

15. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

Facts Underlying
Plaintiff's Claims for Relief

16. Beginning on January 16, 2013 at around 8:30 p.m. on Liberty Avenue and 128th Street in Queens, New York, individual Defendants accosted, assaulted and arrested Jackey Knight.

17. Plaintiff was on his way home from work at approximately 6:30 p.m. and telephoned his girlfriend to tell her that he would be passing by her home around 8:30-9:00 p.m.

18. Plaintiff arrived on the block where his girlfriend lived and found a parking space a few houses from the home. Mr. Knight took off his seatbelt to park the vehicle.

19. After plaintiff had finished parking, a Defendant knocked on the driver's side window and asked Mr. Knight why he did not have on his seatbelt. Mr. Knight truthfully replied that he had taken off his seatbelt to park.

20. A Defendant officer requested to see plaintiff's license, registration and insurance card. Mr. Knight handed over the requested documents and was told to wait the individual Defendant walked across the street while talking on his cell phone.

21. The same Defendant officer returned and directed Mr. Knight to get out of the vehicle. Plaintiff complied and was directed to the back of the car.

22. Mr. Knight asked the same Defendant officer why he had been ordered out of the vehicle. The Defendant officer responded by asking if plaintiff knew that his driver's license was suspended.

23. The same Defendant officer proceeded to handcuff plaintiff's left hand. Mr. Knight gestured towards the car door with his right hand while stating that he had proof that his license was not suspended.

24. The same Defendant officer punched Jackey Knight in his left ribs. The same Defendant then tried to slam Mr. Knight to the ground and called to his partner, also a Defendant officer.

25. Despite that Mr. Knight had done nothing unlawful beyond parking without a seatbelt, the aforementioned partner came and punched plaintiff twice on the right cheek. Soon after, additional individual Defendants arrived.

26. Jackey Knight was grabbed and roughly slammed to the ground. Plaintiff's face struck the pavement.

27. Police officers, including the individual Defendants, then struck plaintiff with feet and fists.

28. Plaintiff was taken to the 105th Precinct Stationhouse and then to Queens Central Booking where he was held for a time before being released at arraignment.

29. Plaintiff was treated for his injuries at Jamaica Hospital on or about January 18, 2013.

30. The individual Defendants' acts and omissions deprived plaintiff of his constitutional rights and caused physical and emotional injury, including, among other things, pain in his left lower back and left ribs, contusion on the back of his head, and injury to his left eye.

31. The individual Defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

## FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

32. Plaintiff repeats the allegations of foregoing paragraphs as though fully stated herein.

33. By the actions described above, the individual Defendants deprived Jackey Knight of rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from excessive and unreasonable force.

34. As a consequence thereof, Jackey Knight has been injured.

## SECOND CLAIM FOR RELIEF FOR ASSAULT

35. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

36. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

37. As a consequence thereof, Jackey Knight has been injured.

## THIRD CLAIM FOR RELIEF FOR BATTERY

38. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

39. By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

40. As a consequence thereof, Jackey Knight has been injured.

## FOURTH CLAIM FOR RELIEF FOR NEGLIGENCE

41. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

42. The use of force complained of herein resulted from Defendant City of New York, through its agents, servants and employees, breaching its duty properly to instruct, supervise, monitor and control its Police personnel, including instructing, supervising, monitoring and controlling the individual Defendants herein.

43. Defendant City's inadequate training, supervision, monitoring and control directly resulted in the assault on Jackey Knight and others.

44. As a consequence thereof, Jackey Knight has been injured.

## Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment that plaintiff's right to be free from unreasonable force under the Fourth and Fourteenth Amendments of the United States Constitution was violated, together with

   (A)   Compensatory damages in an amount to be fixed at trial;

   (B)   By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual Defendants in an amount to be fixed at trial;

   (C)   An award to plaintiff of the costs and disbursements herein;

   (D)   An award of attorney's fees under 42 U.S.C. §1988; and

      (E)    Such other and further relief as this Court may deem just and proper.

Dated: September 16, 2013
      New York, New York

      The Law Office of Fred Lichtmacher P.C.
      *Attorney for Plaintiff*
      The Empire State Building
      350 Fifth Avenue, Suite 7116
      New York, New York 10118
      (212) 922-9066

      By: Fred Lichtmacher

To:    Steven Silverberg
       Assistant Corporation Counsel
       100 Church Street
       New York, New York 10007
       (212) 356-2336